## SWOPE v HANNAH

Ohio Appeals, 1st Dist, Clermont Co

No 133. Decided Oct 19, 1936

Harry M. Wolfe, Dayton, for appellant.
Nichols, Speidel & Nichols, Batavia, for appellee.

Index.

## OPINION

By THE COURT

A reading of the evidence in this case leads us to the conclusion that the deed was prepared and left with Manning in escrow, to be delivered to Page in escrow, who was to hold and deliver to the grantee upon the death of the grantor—and that this was

474

in accordance with an agreement between the grantor and grantee. The grantor retained no control over the deed. The delivery was irrevocable. **16 Ohio Jur. 366.**

We do not deem it material whether the deed was delivered by Manning—the first escrow agent—to Page—the ultimate escrow agent—before the death of the grantor. The whole arrangement was according to the agreement of the grantor and grantee, and it is clear that the agreement contemplated that the delivery to Manning should place the deed beyond the control of the grantor. However, we are of the opinion that the manual tradition of the deed from Manning to Page did take place before the death of the grantor. The evidence on the subject, fairly construed, is that the body of the grantor was found several hours after Manning delivered the deed to Page. Its condition did not raise an inference that life had departed before the deed was delivered to Page. A person is ordinarily presumed to be still alive until the contrary is shown. **17 Ohio Jur., 95.**

On the issues, the court finds in favor of the appellee.

A judgment entry to that effect may be presented.

ROSS, PJ, and MATTHEWS, J, concur.